UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS FLORES-TRUJILLO,<br><br>Defendant. | Case No.:  15cr1962 BTM<br><br>**ORDER DENYING MOTION TO DISMISS THE INDICTMENT** |

On March 24, 2016, Defendant Jesus Flores-Trujillo filed a motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). The Court held a hearing on this matter on May 6, 2016. For the reasons discussed below, Defendant's motion is **DENIED.**

## I. BACKGROUND

Defendant Flores-Trujillo is charged with being a removed alien found in the United States in violation of 8 U.S.C. § 1326. Flores-Trujillo was previously removed in 2010 pursuant to a Final Administrative Order. (See Final Administrative Order, ECF No. 34, ex. 4.) The reasons for his removal include that he was not a citizen of the United States, he was not lawfully admitted for permanent residence, and he had been convicted of an aggravated felony as

defined in 8 U.S.C. § 1101(a)(43)(A). (<u>See</u> Final Administrative Order, ECF No. 34, ex. 4.) Specifically, Flores-Trujillo was previously convicted in 2001 for rape under California Penal Code § 261(a)(2).

On March 24, 2016, Flores-Trujillo filed a §1326(d) motion to dismiss the indictment, attacking the validity of the Final Administrative Order.

## II. DISCUSSION

### A. Legal Framework

To attack the validity of a deportation order, a defendant must show that: (1) he "exhausted any administrative remedies that may have been available;" (2) "the deportation proceeding at which the order was issued improperly deprived [him] of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if the defendant was "removed when he should not have been." <u>United States v. Camacho-Lopez</u>, 450 F.3d 928, 930 (9th Cir. 2006).

Flores-Trujillo was deported in 2010 pursuant to 8 U.S.C. § 1227, which states in part that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony is further defined to include "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). As mentioned above, Flores-Trujillo was deemed deportable pursuant to a 2001 conviction under California's rape statute, which defines rape as, "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator . . . where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." Cal. Penal Code § 261(a)(2).

### B. California's Rape Statute

Flores-Trujillo argues that the deportation order was improper because his prior rape conviction does not constitute an aggravated felony. Specifically,

1. Flores-Trujillo notes that California's rape statute penalizes non-violent forms of
2. rape. Therefore, Flores-Trujillo argues that California's definition of rape is not
3. contemporaneous with the definition of rape found in § 1101(a)(43)(A), and that
4. he was improperly deported because he had not committed an aggravated
5. felony.
6.      In order to determine whether the conduct prohibited by California's rape
7. statute falls within the definition of rape in the context of an aggravated felony,
8. federal courts "do not examine the conduct underlying the prior offense, but look
9. only to the fact of conviction and the statutory definition of the prior offense."
10. United States v. Yanez-Saucecdo, 295 F.3d 991, 994 (9th Cir. 2002) (citations
11. omitted). Because Congress did not further define the term "rape," the Court
12. must first construe the meaning of the phrase in order to compare it with the
13. California statute. See United States v. Corona-Sanchez, 291 F.3d 1201, 1204
14. (9th Cir. 2002) (en banc).
15.      In Yanez-Saucedo, a defendant similarly argued that his third-degree rape
16. conviction under a Washington statute was not an aggravated felony. 295 F.3d at
17. 992-93. Washington's rape statute delineates between degrees of rape, with
18. "only first- and second-degree rape contain[ing] a forcible compulsion
19. requirement." Id. at 995 (citing Washington v. Camara, 781 P.2d 483, 487 (Wash.
20. 1989) (en banc)). Employing the analytical approach outlined in Taylor v. United
21. States, 495 U.S. 575 (1990), the Ninth Circuit rejected the defendant's argument
22. that a generic meaning of the term rape requires the use of force and held that
23. the "generic, contemporary definition of rape . . . can, but does not necessarily,
24. include an element of physical force beyond that required for penetration."
25. Yanez-Saucedo, 295 F.3d at 996.
26.      As noted above, California's rape statute penalizes sexual intercourse
27. accomplished "by means of force, violence, duress, menace, or fear of
28. immediate and unlawful bodily injury on the person or another." Cal. Penal Code

1  § 261(a)(2) (emphasis added). Flores-Trujillo argues that because rape can be
2  committed by means of duress, it does not comport with the generic meaning of
3  the term. The Court disagrees. The Ninth Circuit has explicitly stated that the
4  generic meaning of rape "does not necessarily" include an element of physical
5  force. Yanez-Saucedo, 295 F.3d at 996. Therefore, the generic meaning of rape
6  includes sexual intercourse achieved without the use of force. The generic
7  meaning of the term rape and section 261(a)(2) of California's rape statute are
8  congruous.

9  Defendant suggests that the Court should perform a survey of state and
10 federal statutes, the Model Penal Code, and other secondary sources to construe
11 the generic meaning of rape. To this end, Defendant argues that Yanez-Saucedo
12 ran astray of the Ninth Circuit's en banc decision in Corona-Sanchez, which was
13 decided three weeks before Yanez-Saucedo, and which allegedly requires such
14 a survey. However, the Ninth Circuit in Corona-Sanchez discussed
15 the generic meaning of "theft offense," not rape. 291 F.3d at 1203-1204. The
16 Court is bound to follow the panel's published decision in Yanez-Saucedo, and
17 only the Ninth Circuit sitting en banc or a subsequent Supreme Court decision
18 can overturn Yanez-Saucedo's definition of rape. See United States v. Lenihan,
19 488 F.3d 1175, 1177 (9th Cir. 2007) (noting that a three-judge panel can
20 reexamine controlling circuit precedent "in the face of intervening Supreme Court
21 authority"); United States v. King, 122 F.3d 808, 810 (9th Cir. 1997) (noting that a
22 rehearing en banc by the Ninth Circuit can contradict a three-judge panel's
23 conclusion). In the absence of an en banc Ninth Circuit decision or subsequent
24 Supreme Court authority, Yanez-Saucedo controls.

25 Moreover, more recent Ninth Circuit case law reiterates the position that
26 rape accomplished without physical force fits within the generic, contemporary
27 meaning of the term. See United States v. Beltran-Munguia, 489 F.3d 1042, 1047
28 (9th Cir. 2007) (noting that forcible compulsion is required for a rape to qualify as

a crime of violence, but the use of force is not required for rape to qualify as an aggravated felony under the immigration statute); see also Castro-Baez, 217 F.3d 1057, 1059 (9th Cir. 2000) (noting that rape accomplished by the use of intoxicating substances falls within the "ordinary, contemporary, and common" definition of the term rape even though it does not involve forcible compulsion).[1]

### III. CONCLUSION

Defendant's conviction under California Penal Code § 261(a)(2) constituted an aggravated felony. Therefore, Defendant was properly removed pursuant to 8 U.S.C. § 1127[2], and Defendant's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: May 27, 2016

*[signature]*
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[1] The Fifth Circuit also summarized the holding in Yanez-Saucedo, stating that, "the [Ninth Circuit] therefore held that although the state statute did not require forcible compulsion, the defendant's prior offense could still be considered rape because of the force inherent in penetration." United States v. Sarmiento-Funes, 374 F.3d 336, 339 (5th Cir. 2004). The court went on to note that the Missouri statute, which defined rape to include "any penetration, however slight," likely constituted the aggravated felony of rape as used in 8 U.S.C. § 1101(a)(43)(A). Sarmiento-Funes, 364 F.3d at 339.

[2] Because the Court has determined that the removal order was not fundamentally unfair, the Court need not address Defendant's remaining arguments.